```
IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
          WESTERN DIVISION
```

_____

| | |
|---|---|
| **VENTERRIOUS DEVRES,** | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   No. 24-cv-2642-SHL-tmp |
| | ) |
| **DOLLAR TREE,** | ) |
| | ) |
|     Defendant. | ) |
| | ) |

_____

### REPORT AND RECOMMENDATION
_____

Before the court is *pro se* plaintiff Venterrious Devres's Complaint. (ECF No. 1.)[1] Because Devres is proceeding *in forma pauperis*, the undersigned must screen the complaint pursuant to 28 U.S.C. § 1915(e)(2).[2] For the reasons below, the undersigned recommends that Devres's complaint be dismissed.

### I.    PROPOSED FINDINGS OF FACTS

On September 6, 2024, Devres filed his complaint against Dollar Tree for violations of civil rights under 42 U.S.C. § 1983. (ECF No. 1.) Using the form provided by the Clerk's office to

_____

[1] Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination and/or report and recommendation, as appropriate.

[2] The undersigned granted Devres leave to proceed *in forma pauperis* on September 20, 2024. (ECF No. 7.)

assist *pro se* litigants asserting § 1983 claims, Devres wrote in the space for the "Statement of Claim" that "Lori and Keith did an [investigation] on firing me. It was March 19th, 2023." (ECF No. 1 at PageID 2.) In the "Relief" section, Devres states "I want the court to assist me in suing [D]ollar [T]ree." (Id. at PageID 3.) Devres also attached a Right to Sue letter from the Equal Employment Opportunity Commission dated June 7, 2024. (Id. at PageID 4.) No additional facts were provided.

## II. PROPOSED CONCLUSIONS OF LAW

This court is required to screen *in forma pauperis* complaints and must dismiss any complaint, or any portion thereof, if the action: (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii). To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)); see also Fed. R. Civ. P. 12(b)(6). "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Ctr. for Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 369 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 678). Without factual allegations in support, mere legal

conclusions are not entitled to the assumption of truth. Iqbal, 556 U.S. at 679.

Pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers and are thus liberally construed. Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011). Even so, pro se litigants must adhere to the Federal Rules of Civil Procedure, see Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989), and the court cannot create a claim that has not been spelled out in a pleading. See Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011); Payne v. Sec'y of Treas., 73 F. App'x 836, 837 (6th Cir. 2003).

Devres styles his complaint as an action brought under § 1983. "To succeed on a § 1983 claim, a plaintiff must first identify a constitutional right, then show that a person acting under the color of state law deprived him of that right." Susselman v. Washtenaw Cty. Sheriff's Office, 109 F.4th 864, 870 (6th Cir. 2024) (citing Troutman v. Louisville Metro Dep't of Corr., 979 F.3d 472, 482 (6th Cir. 2020)). Devres has sued Dollar Tree, which is a private corporation. He has not provided facts that Dollar Tree was acting under color of state law, nor has he provided sufficient factual allegations that would demonstrate a violation of a constitutional right. Id. Accordingly, Devres has failed to state a claim.

### III. RECOMMENDATION

Based on the above, it is recommended that the complaint be dismissed under 28 U.S.C. § 1915(e)(2)(B).

Respectfully submitted,

s/Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

October 2, 2024
Date

**NOTICE**

**REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**