IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| VENTERRIOUS DEVRES, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:24-cv-02642-SHL-tmp |
| ) | |
| DOLLAR TREE, ) | |
| Defendant. ) | |

**ORDER ADOPTING CHIEF MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE**

Before the Court is Chief Magistrate Judge Tu Pham's Report and Recommendation ("R&R"), entered on October 2, 2024, recommending that the Court dismiss Plaintiff Venterrious Devres's pro se Complaint against Defendant Dollar Tree under 28 U.S.C. § 1915(e)(2)(B).  (ECF No. 8.)  Plaintiff filed his pro se complaint for violation of his civil rights under 42 U.S.C. § 1983 on September 6, 2024.  (ECF No. 1.)

A magistrate judge may submit to a district court judge proposed findings of fact and recommendations that assist in the determination of certain pretrial matters.  28 U.S.C. § 636(b)(1)(A)–(B).  When a plaintiff proceeds in forma pauperis, a magistrate judge must screen the complaint under 28 U.S.C. § 1915(e)(2).[1]  Parties can file objections to the proposed findings and recommendations "[w]ithin 14 days after being served with a copy of the recommended disposition."  Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1)(C).  Objections to an R&R, including those filed by pro se plaintiffs, must be "specific."  Mullin v. Rolling Hills Hosp., No. 3:16-cv-2609, 2017 WL 2953357, at *2 (M.D. Tenn. July 11, 2017).

---

[1] The Chief Magistrate Judge entered an Order Granting Leave to Proceed In Forma Pauperis on September 20, 2024.  (ECF No. 7.)

A district court reviews de novo only those proposed findings of fact or conclusions of law to which a party specifically objects; the rest are reviewed for clear error.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Fed. R. Civ. P. 72(b) advisory committee notes.

The Chief Magistrate Judge entered the R&R on October 2, 2024.  (ECF No. 8.)  On October 16, 2024, Plaintiff submitted (1) a letter elaborating on his claims (ECF No. 9); (2) a settlement agreement and release that Dollar Tree Stores, Inc. had sent him after he filed an U.S. Equal Employment Opportunity Commission ("EEOC") complaint on or about August 8, 2023 (ECF No. 9-1); (3) a screenshot showing Plaintiff's unemployment status (ECF No. 9-2); (4) assorted text conversations (ECF Nos. 9.3–9.7); and (5) case details showing Plaintiff's termination dispute (ECF No. 9-8).  But these filings do not mention the R&R specifically or acknowledge it whatsoever.  (See ECF Nos. 9, 9.1–9.8.)  Though courts view pro se filings more leniently, such filings must still adhere to the Federal Rules of Civil Procedure and the Western District of Tennessee's local rules.  See Steverson v. Walmart, No. 3:19-cv-00140, 2019 WL 3822179, at *3 (M.D. Tenn. Aug. 15, 2019) (citing Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004)).  Here, the various documents filed by Plaintiff do not constitute written objections, specific or otherwise, to the R&R.

Because Plaintiff's submissions are not objections, the Court reviews the R&R in its entirety for clear error and finds none.  As the R&R states, Plaintiff asserts a claim under 42 U.S.C. § 1983 (ECF No. 1 at PageID 1), which requires the identification of "a constitutional right" and "that a person acting under the color of state law deprived him of that right."  Susselman v. Washtenaw Cnty. Sheriff's Off., 109 F.4th 864, 870 (6th Cir. 2024) (citing

Troutman v. Louisville Metro Dep't of Corr., 979 F.3d 472, 482 (6th Cir. 2020)).  However, Plaintiff's claim, brought against a private corporation, fails on its face to allege either the constitutional right at issue or that state action was involved.  Even construing the Complaint as leniently as possible, it fails to state a plausible claim under § 1983.

Thus, the Court **ADOPTS** the Chief Magistrate Judge's R&R and **DISMISSES WITH PREJUDICE** Plaintiff's Complaint.

**IT IS SO ORDERED,** this 19th day of November, 2024.

> s/ Sheryl H. Lipman
> SHERYL H. LIPMAN
> CHIEF UNITED STATES DISTRICT JUDGE